IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON COLLINS, JR., #566960, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:13-CV-1223-O-BK |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 1990, Petitioner was convicted of burglary of a habitation and sentenced to 37 years' imprisonment. *State v. Collins*, No. F90-03846 (363rd Judicial District Court, Dallas County, Oct. 16, 1990), *aff'd*, No. 05-90-01328-CR (Tex. App. Nov. 8, 1991). Subsequently, Petitioner unsuccessfully challenged in federal court a disciplinary violation, for which he was placed on commissary, recreation, and property restrictions as punishment. *See Collins v. Johnson*, 7:97-CV-273-X (N.D. Tex., Wichita Falls Div., Apr. 3, 1998) (denying federal habeas relief) (*see* attachments), *certificate of appealability denied*, No. 98-10229 (5th Cir. Oct. 8, 1998). Petitioner later returned to state court, unsuccessfully challenging his underlying criminal conviction. *Ex parte Collins*, No. WR-37,109-03 (Tex. Crim. App. Sep. 12, 2012) (denying state application as to conviction for burglary of a habitation).

By this action, Petitioner now seeks to contest his conviction for burglary of a habitation. (Doc. 3 at 2). He raises claims of insufficient evidence, ineffective assistance of counsel, and actual innocence. *Id.* at 6-10.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2244(b). "Although '[a] prisoner's application is not second or successive simply because it follows an earlier federal petition,' it is the well-settled law of this circuit that 'a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ.'" *In re Sepulvado*, 707 F.3d 550, 553 (5th Cir. 2013) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)).

In *Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009) the United States Court of Appeals for the Fifth Circuit determined that a state inmate's section 2254 petition challenging a conviction was successive because the factual basis of the claims occurred before he filed a first federal petition challenging a disciplinary proceeding. The Court explained *in part* as follows:

> [A] disciplinary matter is not a separate judgment. A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding. *See Story v. Collins*, 920 F.2d at 1251. . . . A challenge to disciplinary actions taken against an inmate while serving under a judgment of conviction, and a challenge to the conviction itself, are different grounds of relief on the same judgment. Those have to be brought together. . . .

*Id.* at 230-31.

Here, as in *Propes*, Petitioner filed a second habeas petition challenging his underlying

conviction after he sought habeas relief for a disciplinary violation. However, just as in *Propes*, Petitioner knew at the time he filed the first petition of the facts necessary to challenge his underlying conviction. Thus, because Petitioner could have raised all the grounds relating to his conviction in the first federal petition, his current application is successive.

In general, to raise a new claim in a successive application, the petitioner must show that the application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d

364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED April 17, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENTS



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LEON COLLINS, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 7-97-CV-273-X |
| GARY JOHNSON, Director, § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division § | |
| § | |
| Respondent. § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

### PROCEDURAL BACKGROUND

This is a habeas case brought under 28 U.S.C. § 2254. Petitioner Leon Collins, Jr. is an inmate in the Texas prison system. Respondent Gary Johnson is the Director of the Texas Department of Criminal Justice, Institutional Division.

Petitioner was charged with creating a disturbance while in prison. He was found guilty after a disciplinary hearing. Punishment was assessed at fifteen days recreation restriction, thirty days commissary restriction, thirty days property restriction, and indefinite suspension of his ability to earn good time credits. Petitioner challenged the results of this hearing through the prison grievance process. His grievances were denied. Petitioner then

000039

filed this action in federal court.

## ISSUES PRESENTED

Petitioner contends that he was denied due process at his disciplinary hearing. He argues that: (1) he was not permitted to call witnesses; (2) he was not given a statement of the evidence against him; and (3) the hearing officer did not follow established policies and procedures.

## APPLICABLE LAW

The due process rights of prisoners are generally limited to "freedom from restraint which . . . impose atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 474, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). Restrictions which alter the conditions of confinement do not implicate due process. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary and cell restrictions). A prisoner has a protected liberty interest in the loss of accrued good time credits only if he is eligible for release on mandatory supervision. *Madison*, 104 F.3d at 769. *See also Creel v. Keene*, 928 F.2d 707, 712 (5th Cir.), *cert. denied*, 111 S.Ct. 2809 (1991) (Texas prisoners have no protected liberty interest in early release on parole).

## DISCUSSION

Petitioner was placed on commissary, recreation, and property restrictions as punishment for a disciplinary infraction. These restrictions do not implicate due process. *Madison*, 104 F.3d at 768. Petitioner's ability to earn good time credits was also suspended. However, he was not denied good time previously earned nor was he eligible for release on mandatory supervision. (Interrogatory No. 2). Therefore, petitioner has not established a

000040

liberty interest sufficient to justify habeas relief.

### **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner is not entitled to habeas relief. The application for writ of habeas corpus should be summarily dismissed. *See* RULES GOVERNING SECTION 2254 CASES, Rule 4.

DATED: January 26, 1998.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ORIGINAL
FEB 13 1998

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 12 1998
NANCY DOHERTY, CLERK
By _____
Deputy

| | | |
|---|---|---|
| LEON COLLINS, JR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 7-97-CV-0273-X |
| | § | |
| GARY JOHNSON, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division | § | |
| | § | |
| Respondent. | § | |

## ORDER

After making an independent review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge, I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are adopted as the Findings of the Court.

SIGNED and ENTERED this 12th day of February, 1998.

_____
Joe Kendall
UNITED STATES DISTRICT JUDGE

14

000047

ORIGINAL
JK
FEB 13 1998



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 12 1998
NANCY DOHERTY, CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

LEON COLLINS, JR.               §
                                §
        Petitioner,             §
                                §
V.                              §     NO. 7-97-CV-0273-X
                                §
GARY JOHNSON, Director, Texas   §
Department of Criminal Justice, §
Institutional Division          §     ENTERED ON DOCKET
                                §     2/13/98 PURSUANT
        Respondent.             §     TO F. R. C. P. RULES
                                §     58 AND 79a

## JUDGMENT

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED and DECREED that :

1. The application for writ of habeas corpus is summarily dismissed.

2. The Clerk shall transmit a true copy of this Order and the Order adopting the Findings and Recommendation of the United States Magistrate Judge to petitioner.

SIGNED and ENTERED this 12th day of February, 1998.

_____
UNITED STATES DISTRICT JUDGE

15

000048