IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEON COLLINS, JR., #566960, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:13-cv-1223-O |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND
DENYING A CERTIFICATE OF APPEALABILITY**

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a *de novo* review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

In 1990, Petitioner was convicted of burglary of a habitation and theft of property and was sentenced to 37 and 15 years' imprisonment respectively. *State v. Collins*, Nos. F90-03846 and F90-03847 (363rd Judicial District Court, Dallas County, Oct. 16, 1990), *aff'd* Nos. 05-90-01328-CR and 05-90-01327 (Tex. App.—Dallas, Nov. 1, 1991). In this action, Petitioner challenged only his conviction for burglary of a habitation.

Relying on *Propes v. Quarterman*, 573 F.3d 225, 229-30 (5th Cir. 2009), the Magistrate Judge recommended that the federal petition was successive because Petitioner could have raised all the grounds relating to his conviction for burglary of habitation (No. F90-03846) in his first federal petition, *see Collins v. Johnson*, 7:97-CV-273-X (N.D. Tex., Wichita Falls Div., Apr. 3,

1998), in which he sought habeas relief for a disciplinary violation. The Magistrate Judge, thus, recommended that the successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

Petitioner objects claiming that he filed the petition in No. 7:97-CV-273-X "under a separate criminal case and conviction unrelated to the conviction under attack." (Doc. 9 at 1). He explains that No. 7:97-CV-273-X "involved a conviction for the offense of stolen merchandise, for which Petitioner was sentenced to 15 years in TDCJ (Cause No. F90-03847-KW)," and not the burglary of habitation conviction in Cause No. F90-03846. *Id.* at 1-2. However, the federal petition and brief in support in No. 7:97-CV-273-X referenced neither his conviction in No. F90-03846 nor the one in No. F90-03847. *See* No. 7:97-CV-273-X, Doc. 1. In addition, the state habeas proceeding challenging Petitioner's disciplinary violation referenced both of his state convictions. *See Ex parte Collins*, No. WR-77,104-01 at Clerk's Cover Sheet and Index, and at 202 Findings of Fact and Conclusions of Law (Tex. Crim. App. Apr. 14, 1998). Notably, Petitioner did not discharge his 15-year sentence in No. F90-03847 until June 8, 2009, one and one-half years after filing No. 7:97-CV-273-X. *See Ex parte Collins*, No. WR-77,104-04 at 36 and 39-40 (Tex. Crim. App. Mar. 7, 2012).[1]

Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court

---

[1] The Court takes judicial notice of the electronic state habeas court record available through the Texas Court of Criminal Appeals.

adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

If petitioner files a notice of appeal,

(**X**)   petitioner may proceed in forma pauperis on appeal.

( )   petitioner must pay the $455.00 appellate filing fee or submit a motion to proceed in forma pauperis.

**SO ORDERED** on this **8th day** of **July, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.